Saul S. Streit, J.
Petitioner union moves to confirm an arbitrator’s award, directing respondent employer to make its books and records from October 1, 1961 to December 31, 1961 available for examination by petitioner’s accountants. Respondent cross-moves to vacate the award on the ground that the union’s claim was not submitted to arbitration in the manner required by the collective agreement, and on the further ground that the examination is designed to enforce illegal provisions of the agreement.
The collective agreement did not expire until December 31, 1961, and the proposed examination therefore related to a period covered by the agreement. Section 37 of the agreement expressly required respondent, as a member of one of the contracting parties, an association of employers, to submit the records for examination for the purpose of enabling the union to ascertain whether the provisions of the agreement had been complied with and to enforce said provisions.
The contention that the matter was submitted to the arbitrator without compliance with the procedure prescribed by the collective agreement is overruled. The agreement, it is true, required a written submission of a claim to the employer’s association for settlement or adjustment. It further provided that if the *996 matter was not settled or adjusted within three days it was to be submitted to the arbitrator, who was to give three days’ notice of hearing'. At the commencement of the hearings of other claims before the arbitrator, the union’s attorney renewed a demand previously made, for the production of the books for the three months in question. The employer had previously made available the books and records for the earlier portion of the term covered by the agreement. The employer’s counsel replied “ we are neither accepting or refusing At the hearing of June 6, 1962, the arbitrator asked why the books for the last three months of the contract term had been refused. The employer’s counsel answered “ I don’t know that they were At the eariler hearing, the union’s counsel had asked that the question of the right to the examination be included in the arbitration. The employer’s counsel did not raise the objection that the preliminary requirements of the contract had not been met. Again, on June 6, the employer’s counsel failed to make any objection on that score. His objections were on other grounds. In the circumstances, the employer must be deemed to have waived its right to contend, at this time, that the matter was improperly submitted to the arbitrator because the preliminary requirements for submitting a dispute to arbitration had not been complied with.
Respondent’s contention that the examination is sought for the purpose of enforcing illegal provisions of the agreement is likewise without merit. The claim of illegality is not substantiated, as this court has held, on a companion motion decided simultaneously herewith.
The motion to confirm is granted and the cross motion denied.